**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 92CR0509-H |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| ANTHONY ACOSTA, | |
| Defendant. | |
| | (Doc. No. 212.) |

On June 13, 2018, Defendant Anthony Acosta ("Defendant") filed a motion for early termination of supervised release.[1] (Doc. No. 212.) On June 15, 2018, the Court issued an order re-appointing counsel, permitting defense counsel to file any supplemental briefing in support of the Defendant's motion by June 29, 2018 and directing the Government to file a response by July 13, 2018. (Doc. No. 213.) As of the date of this order, no supplemental briefing has been filed by defense counsel. On July 12, 2018, the Government filed its response in opposition to the Defendant's motion. (Doc. No. 214.) On July 18, 2018, the Court received a Noncompliance Summary Report from the probation officer reporting that the Defendant had been residing and associating with a convicted felon, the Defendant's cousin, in violation of the terms and conditions of supervised release. (Exhibit A.) The probation officer also reported that the Defendant's cousin, whom the Defendant was residing with, was arrested for

---

[1] The Court ordered the Defendant's motion be filed nunc pro tunc to June 5, 2018, the date the Clerk's Office received the Defendant's motion. (Doc. No. 211.)

unlawful possession of ammunition, possession of a controlled substance, and manufacture, sale, or possession of metal knuckles. (Id.) Nevertheless, the probation officer recommended, and the Court agreed, not to take action at this time. (Id.)

When deciding whether to grant a motion for early termination of supervised release, a district court must apply the standards set forth in Title 18 U.S.C. § 3583(e). United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e).) Additionally, Title 18 U.S.C. § 3583(e) requires a district court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether to grant or deny a motion to terminate supervised release.

After applying the legal standards set forth in Title 18 U.S.C. § 3583(e) and considering the factors set forth in Title 18 U.S.C. § 3553(a), the Court concludes early termination of supervised release is not warranted at this time. Based on the Noncompliance Summary Report from the probation officer reporting that the Defendant had been residing and associating with at least one convicted felon who has been arrested for, among other things, possession of unlawful possession of ammunition, and based on the Defendant's original conviction of armed bank robbery involving firearms, the Court has a legitimate reason to be concern of the Defendant's conduct during his term of supervision. The Court concludes that continuing the Defendant on supervised release will comport with the factors set forth in Title 18 U.S.C. § 3553(a), including but not limited to deterring the Defendant from future criminal conduct and protecting the public from further crimes of the Defendant. Accordingly, the Court DENIES without prejudice the Defendant's motion for early termination of supervised release.

IT IS SO ORDERED.

DATED: July 18, 2018

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE